UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN ANDRADE, JR., Booking #1276875,<br><br>                                      Plaintiff,<br><br>           v.<br><br>COUNTY OF SAN DIEGO, et al.<br><br>                                      Defendants. | Civil No.  14cv1330 GPC (BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[ECF No. 24. ]** |

On September 11, 2015, Plaintiff Franklin Andrade, Jr., a prisoner proceeding *pro se* and *In Forma Pauperis* ("IFP") in this civil rights action, filed a motion to appoint counsel. (ECF No. 24.) He requests appointment of counsel because he has no legal experience and the lawyers he has contacted have not responded to his inquiries. *Id.* at pp. 2-3. In the alternative, Andrade requests that the Court stay his action until he is released and can receive legal help from an outside source. *Id.* at 3.

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (*citing Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

1    Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to
2 "request" that an attorney represent indigent civil litigants upon a showing of
3 "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d
4 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional
5 circumstances of the plaintiff seeking assistance requires at least an evaluation of the
6 likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's
7 ability to articulate his claims 'in light of the complexity of the legal issues involved.'"
8 *Agyeman*, 390 F.3d at 1103 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th
9 Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

   Plaintiff's request for appointment of counsel is denied based on the Court's recent evaluation of the merits of Andrade's case in its August 18, 2015, Report and Recommendation, which recommended granting Defendants' motion to dismiss Andrade's Second Amended Complaint. [ECF No. 22.]  The August 18, 2015 Report and Recommendation is currently pending before the Honorable Gonzalo P. Curiel.  In the report, the Court recommended:

> 1.) Defendants' Motion to Dismiss for failure to state a claim against Mike Barletta be **GRANTED** because the Second Amended Complaint ("SAC") did not provide any facts showing Defendant Barletta was aware of the unidentified physician or medical staff's failure to give informed consent before switching Andrade's medicine; the unnamed nurses' decision to stop Andrade's usage of Roxycodone without weaning or transfer; or the erroneous administering of Hibicleanse to Andrade by unidentified medical staff.  Further, the SAC did not allege any facts demonstrating Barletta in some way directed or sanctioned the staff actions, which Andrade claimed were deliberately indifferent to his medical needs.  *Id.* at 8:13-11:20.
>
> 2.) Defendants' Motion to Dismiss for failure to state a claim of municipal liability with respect to the informed consent policy be **GRANTED** because there were no facts alleged in the SAC that would allow the Court to draw a reasonable inference

that implementation of the County's informed consent policy was responsible for the injuries alleged. *Id.* at 11:22-14:6.

3.  Defendants' Motion to Dismiss for failure to state a claim of municipal liability as to the "detoxification" policy be **GRANTED** because the SAC contained no allegations that jail medical staff were acting in accordance with County policy. *Id*. at 11:22-14:24; and

4.  Defendants' Motion to Dismiss for failure to state a claim under California Government Code § 845.6 be **GRANTED** because no facts were alleged in the SAC demonstrating failure to take reasonable action to summon immediate medical care. *Id.* at 15:1-16:9.

In light of the Court's recent assessment of the merits of Plaintiff's case, neither the interests of justice, nor exceptional circumstances, support the appointment of counsel in this civil proceeding. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017. Plaintiff's motion for appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 16, 2015

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court